## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SAMUEL HAYWOOD MYLES,**

       **Plaintiff,**

**v.**                                                                                           **2:07 CV 43**
                                                                                                **(Maxwell)**

**CHAPLAIN WALLACE,**
**CHAPLAIN KOWALEZYK,**
**CHAPLAIN ELLIOTT,**

       **Defendants.**

### <u>ORDER</u>

It will be recalled that on June 1, 2007, *pro se* Plaintiff Samuel Haywood Myles initiated the above-styled civil action by filing a "Complaint For Violation Of Civil Rights Under Civil Rights Act 42 U.S.C. Section 1983."

It will further be recalled that the case was referred to United States Magistrate Judge James E. Seibert in accordance with Rule 83.02 of the Local Rules of Prisoner Litigation Procedure and 28 U.S.C. §§ 1915(e) and 1915(A).  Because the Plaintiff is a federal inmate pursuing claims against federal officials, Magistrate Judge Seibert has treated the above-styled civil action as one pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a case in which the Supreme Court created a counterpart to 42 U.S.C. § 1983 and authorized suits against federal employees in their individual capacities.

On November 7, 2008, Magistrate Judge Seibert issued a Report And Recommendation wherein he recommended that the Plaintiff's Complaint be dismissed with prejudice under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

In his Report And Recommendation, Magistrate Judge Seibert provided the parties with ten days from the date of service of said Report And Recommendation in which to file objections thereto and advised the parties that a failure to timely file objections would result in the waiver of their right to appeal from a judgment of this Court based upon said Report And Recommendation

By Order entered November 26, 2008, this Court granted a Motion filed by the Plaintiff on November 21, 2008, and granted the Plaintiff an extension of time until December 29, 2008, in which to file objections to Magistrate Judge Seibert's Report And Recommendation.

The Plaintiff's Motion For Objection To Magistrate Report and Recommendation was filed on December 29, 2008.  Accordingly, this matter is now ripe for review.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

As previously noted, on December 29, 2010, the Plaintiff filed his Motion For Objection To Magistrate Report And Recommendation.  The Court has conducted a *de*

*novo* review only as to the portions of the Report and Recommendation to which the Plaintiff objected.  The remaining portions of the Report And Recommendation to which the Plaintiff has not objected have been reviewed for clear error.

The Court finds that the issues raised by the Plaintiff in his Motion For Objection To Magistrate Report And Recommendation were thoroughly considered by Magistrate Judge Seibert in said Report And Recommendation.  The Court is of the opinion that Magistrate Judge Seibert's Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, it is

**ORDERED** that the Report And Recommendation entered by United States Magistrate Judge James E. Seibert on November 7, 2008, (Docket No. 22), be, and the same is hereby, **ACCEPTED** in whole and the above-styled civil action be disposed of in accordance with the recommendation of the Magistrate Judge.  Accordingly, it is

**ORDERED** that the Plaintiff's Complaint For Violation Of Civil Rights Under Civil Rights Act 42 U.S.C. Section 1983 (Docket No. 1) be, and the same is hereby, dismissed with prejudice under 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim.

It is further

**ORDERED** that the Clerk of Court shall enter judgment for the Defendants.  It is further

**ORDERED** that, should the Plaintiff desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days

3

from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules

of Appellate Procedure.  The $5.00 filing fee for the notice of appeal and the $450.00

docketing fee should also be submitted with the notice of appeal.  In the alternative, at

the time the notice of appeal is submitted, the Plaintiff may, in accordance with the

provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to

proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

The Clerk of Court is directed to transmit copies of this Order to the *pro se* Plaintiff

and to any counsel of record.

**ENTER:** April   8  , 2010

_____**/S/ Robert E. Maxwell**_____
United States District Judge

4