**<u>UNPUBLISHED</u>**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-7213**

---

SAMUEL HAYWOOD MYLES,

        Plaintiff – Appellant,

    v.

CHAPLAIN WALLACE, In his individual capacity and his official capacity; CHAPLAIN KOWALEZYK, In his individual capacity and his official capacity; CHAPLAIN ELLIOTT, In his individual capacity and his official capacity,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Robert E. Maxwell, Senior District Judge. (2:07-cv-00043-REM-JES)

---

Submitted:  January 13, 2011        Decided:  January 19, 2011

---

Before MOTZ, KING, and WYNN, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Samuel Haywood Myles, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samuel Haywood Myles seeks to appeal the district court's order adopting the report and recommendation of the magistrate judge. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on April 8, 2010. The notice of appeal was filed on June 14, 2010.[*] Because Myles failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We deny Myles' motion for inquiry and classification as moot. We dispense with oral argument because

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>